IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CR-142-FL

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| ALEX DONTEZ KEARNEY, JR., | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a detective with the Raleigh Police Department assigned to a task force of the Federal Bureau of Investigation. Defendant presented the testimony of the proposed third-party custodian, his wife. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

**Background**

Defendant was charged in a one-count indictment on 15 May 2013 with possession of a firearm and ammunition by a convicted felon and aiding and abetting the same on 13 December 2012 in violation of 18 U.S.C. §§ 922(g)(1), 924, and 2. The evidence presented at the hearing showed that the charges arise from location of a loaded magazine for a .40 caliber handgun in defendant's kitchen pursuant to a search by state probation officers on the alleged offense date.

A subsequent search that day pursuant to a search warrant located a box of .40 caliber ammunition in the home and a .40 caliber handgun with a loaded magazine near an air conditioner vent in the area adjacent to the residence. The gun appeared to have been placed in that area only a short time before. The magazine from the home matched the handgun. Defendant had previously been convicted of at least one offense punishable by a term of imprisonment exceeding one year.

Defendant admitted to police that he knew the magazine was in the kitchen and that he had handled it. The co-defendant, defendant's father, admitted to possessing the handgun, which had been stolen along with an extra magazine. In a recorded call between defendant from jail and his father over defendant's wife's cell phone, there was discussion of movement of the handgun to the area where it was found by police.

## **Discussion**

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offense charged; the circumstances of the offense charged, including the loaded status of the handgun, its location in an area accessible to children (defendant has two children, ages 4 and 8) and others, and defendant's being on state probation at the time of the alleged offense; defendant's criminal record, including a 2012 felony conviction for carrying a concealed gun, a 2012 felony conviction for attempted trafficking cocaine, two misdemeanor convictions for carrying a concealed gun, eleven other misdemeanor convictions, probation revocations in three cases, and unsuccessful termination of probation in another case based on absconding and other violations; the danger of continued gun-related offense conduct by defendant if released; defendant's

admitted substance abuse during periods while on probation; the unsuitability of the proposed third-party custodial arrangement due to the extent of the risk of danger presented by defendant and concern that the proposed custodian would not conscientiously carry out the duties of custodian; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating. It finds, however, that the factors favoring detention outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 30th day of May 2013.

_____
James E. Gates
United States Magistrate Judge

3

Case 5:13-cr-00142-FL   Document 31   Filed 05/31/13   Page 3 of 3